IRENE DEWIS, PLAINTIFF-RESPONDENT, v. MAX LEON, TRADING AS LEON'S, DEFENDANT-APPELLANT.

Submitted May 7, 1940—Decided May 27, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the defendant-appellant, *Parsons, LaBrecque & Borden* (*Theodore D. Parsons* and *Frank F. Groff*).

For the plaintiff-respondent, *Richard W. Stout.*

BODINE, J.   The plaintiff, a number of years ago, purchased a Holland dyed Hudson seal coat.   The coat was made to her measure.   It was carefully used and cared for during periods of storage.   As the result of an accident, it was sent to the defendant for cleaning.   The result was that the coat shrunk and was unwearable.   The court awarded damages in the sum of $200.   The coat had cost $265 and was not worth $35 after the cleaning.

The defendant appeals.   It is argued that there was no evidence of negligence, the proximate cause of the injury. We think otherwise.   The findings of the District Court are presumed to rest upon competent proof.   *Pollack* v. *New Jersey Bell Telephone Co.,* 116 *N. J. L.* 28.   From our review of the evidence, the coat in good condition became hard and brittle in the cleaning process and shrunk so as to be useless to the owner.   It would seem clear that the trier

of the facts might properly conclude that ordinary care was not used.

As to the measure of damages invoked, it would hardly seem that the judgment was not proper under the proofs.

The judgment is affirmed.